**Entered on Docket**
**May 06, 2014**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**IT IS SO ORDERED.**
**Signed May 6, 2014**

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

| | |
|---|---|
| In re | Case No. 11-58313-ASW |
| ELOY CARDENAS and MATILDE CARDENAS, Debtors. | Chapter 13 |
| ELOY CARDENAS and MATILDE CARDENAS, Plaintiffs, v. LUNA AUTO SALES and AURELIO LUNA, Defendants. | Adv. Proc. No. 14-05022-ASW |

**MEMORANDUM DECISION RE: PLAINTIFFS' MOTION FOR CONTEMPT**

Before the Court is the motion of Plaintiffs Eloy Cardenas and Matilde Cardenas, who are represented by attorney Ray Hacke, for an order of contempt and for an award of compensatory and punitive damages and other relief. Defendants are pro se, and have not filed an opposition to this motion.

On March 28, 2014, this Court entered an order (the "March 28 Order") granting Plaintiffs' motion for an injunction requiring

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Defendants Luna Auto Sales ("LAS") and its owner, Aurelio Luna, to return the Debtors' 1999 Isuzu pickup truck (the "truck"). At the hearing on March 18, 2014, the Court found that Defendants' retention of the truck after February 13, 2014 was a violation of the automatic stay and that Plaintiffs are entitled to damages according to proof.

According to the declaration of Plaintiff Eloy Cardenas, on April 1, 2014, Mr. Cardenas, who was accompanied by an officer from the San Jose Police Department, went to Defendants' premises to serve a copy of the March 28 Order and demand the return of the truck. However, Mr. Luna refused to comply with the order and has not returned the truck.

Based on the foregoing, the Court finds Defendants in contempt for failure to comply with the March 28 Order. See Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1190 (9th Cir. 2011) (remedy for violating an injunction is an order of contempt).

With respect to damages, § 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A willful stay violation occurs when (1) the creditor know of the automatic stay; and (2) the actions that violate the stay are intentional. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002). As noted, the Court has previously found that Plaintiffs are entitled to their actual damages incurred from February 13, 2014. Plaintiffs request compensatory damages of $20,564.54, comprised of the following:

| | |
|---|---|
| Personal items left in truck | $ 920.00 |
| Truck rental (U-Haul) | $ 170.00 |

| | |
|---|---|
| Truck rental (Cargo van) | $ 900.00 |
| Purchase of 1994 Isuzu truck | $ 1,074.00 |
| Repairs to Isuzu | $ 1,940.54 |
| Extra time required to complete deliveries | $ 2,560.00 |
| Attorney’s fees | $13,000.00 |
| TOTAL | $20,564.54 |

Although the Court finds that an award of damages is appropriate, the request appears to be premature. Additionally, there are some problems with the evidence in support of some of the amounts requested.

First, the $920 requested for the personal items assumes Mr. Cardenas will not recover those items. However, Plaintiffs have requested that the Court issue a writ authorizing a law enforcement agency to seize the truck and return it to Plaintiffs. If Plaintiffs get their property back, they would not be entitled to compensation for the loss of those items.

Second, although Mr. Cardenas has submitted a declaration that he spent $1,070 on truck rental, Mr. Cardenas also indicates he has no receipts for these expenditures. The Court is reluctant to award damages for these expenses without those receipts, which Plaintiffs could probably obtain from the truck rental companies. Mr. Cardenas should provide evidence that he tried to obtain such evidence, but cannot and as to why he cannot obtain proof from the truck rental companies.

Third, the calculation of the extra time required to complete deliveries is unclear. Mr. Cardenas states that it takes him up to ten hours per day to make deliveries with the new truck because the new truck has a smaller capacity than the old truck. Mr. Cardenas states that this works out to roughly $24 per hour, approximately

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

$16 per hour less than he earned with the truck. Mr. Cardenas goes on to state, and I quote “since we are now in the 16th week of April, and I work approximately five days per week, and I now need approximately four additional hours per day to complete my deliveries, I am seeking $2,560 for the extra time that I have required to complete my deliveries. That amount represents $40 per hour, multiplied by four hours per day, multiplied by five days per week.” Forty dollars times four times five works out to $800 per week. Presumably the $2,560 is intended to correspond to the time that Mr. Cardenas’ income has been reduced, but the calculation is too vague to be understood. Plaintiffs need to provide a clear calculation of the $2,560 requested.

Finally, Mr. Hacke has not provided any billing statements to support his request for attorney’s fees. Additionally, the request appears premature because further fees may be incurred in enforcing the Court’s orders.

Accordingly, the Court will defer ruling on compensatory damages until such time as this matter is finalized and sufficient evidence is presented.

Plaintiffs also request punitive damages, which are authorized under § 362(k) “in appropriate circumstances.” The Court will not award such damages at this time due to the fact that the issue of compensatory damages is being deferred. The Court notes that the standard for imposition of punitive damages for violation of the automatic stay is whether the violator engaged in “egregious, intentional misconduct.” In re McHenry, 179 B.R. 165, 168 (9th Cir. BAP 1995). The Ninth Circuit Court of Appeals has observed that it has “traditionally been reluctant to grant punitive damages

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

absent some showing of reckless or callous disregard for the law or rights of others." In re Bloom, 875 F.2d 224, 228 (9th Cir. 1989). Punitive damages are aimed deterrence and retribution. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003).

Plaintiffs argue that punitive damages are warranted here because Defendants have refused to turn over the truck despite having knowledge of the bankruptcy, and of this Court's order requiring turnover. In re Knaus, 889 F.2d 773, 775 (8th Cir. 1989). Plaintiffs request that the Court award nine times the compensatory damages requested, or $185,080.86. Plaintiffs cite Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1197-98 n.22 (9th Cir. 2007) for the proposition that punitive damages may be awarded at a 9-to-1 ratio to compensatory damages

In reversing an award of 145-1 punitive damages in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), the Supreme Court noted that although there is no specific formula for awarding punitive damages, the Court has previously concluded that an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety. 538 U.S. at 425 (citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23–24 (1991), and BMW of North America, Inc. v. Gore, 517 U.S. 559, 581 (1996)). While acknowledging that greater awards "may comport with due process where a particularly egregious act has resulted in only a small amount of economic damages," the Supreme Court also stated that "courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." State Farm, 538 U.S. at 426.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Here, although the Court finds that punitive damages are appropriate for Defendants' refusal to turn over the truck in the face of a Court order, the Court is not inclined to award nine times the amount of compensatory damages. In any event, the Court will not rule on punitive damages until the amount of compensatory damages has been determined.

Turning to the additional relief requested by Plaintiffs, the request for a refund of funds paid for the truck and an order cancelling the outstanding debt and declaring lien void is premature for the reasons set forth above. The Court notes that, if the truck is returned, it can see no reason why the outstanding debt should be cancelled or the lien declared void.

Regarding the issuance of a writ of execution, this Court has authority to enforce judgments for possession of property through writs and other orders under § 105(a). See In re Kerlo, 311 B.R. 256 (Bankr. C.D. Cal. 2004) (chapter 7 trustee entitled to writ of execution to enforce turnover order). The Court will issue a writ of execution pursuant to Fed. R. Civ. P. 70 (applicable via Fed. R. Bankr. P. 7070).

The motion is granted in part. The issues of damages, including the request for punitive damages, and the additional relief requested are continued to July 1, 2014 at 2:30 p.m. Plaintiffs shall file with the Court a status conference statement, as well as the additional evidence requested, not later than one week prior to the continued hearing. Counsel for Plaintiffs shall submit a proposed form of order, and a proposed writ of execution.

///

Again, Defendants are strongly advised to seek the advice of counsel.

*****END OF MEMORANDUM DECISION*****

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Court Service List

Luna Auto Sales
2070 Alum Rock Avenue
San Jose, CA 95116

Aurelio Luna
2070 Alum Rock Avenue
San Jose, CA 95116