

IT IS SO ORDERED.
Signed June 26, 2015

**Arthur S. Weissbrodt**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-58313-ASW |
| ELOY CARDENAS and MATILDE CARDENAS, | Chapter 13 |
| Debtors. | |
| ELOY CARDENAS and MATILDE CARDENAS, | Adv. Proc. No. 14-05022-ASW |
| Plaintiffs, | |
| v. | |
| LUNA AUTO SALES and AURELIO LUNA, | |
| Defendants. | |

**MEMORANDUM DECISION RE: PLAINTIFFS' REQUEST FOR ENTRY OF JUDGMENT**

Before the Court is the motion of Plaintiffs Eloy Cardenas and Matilde Cardenas, who were represented by attorney Ray Hacke, for entry of a judgment on this Court's order granting Plaintiffs' Motion for Contempt, entered September 18, 2014. The request is opposed by Defendants, who are represented by attorney Alexander H. Lubarsky.

At the hearing held on February 9, 2015, Marilyn Minger appeared for Plaintiffs, and Defendant Aurelio Luna appeared pro se, accompanied by his daughter Yolanda Luna, who assisted as a translator. The Court permitted Defendants until March 13, 2015 to get an attorney and file an opposition, or the judgment would be entered. Defendants filed an opposition through counsel on March 6, 2015.

There is no sworn evidence provided with the opposition. Defendants' primary argument is that Defendants were not listed on Debtors' bankruptcy schedules when the case was filed on September 2, 2011 and had no knowledge of the automatic stay, even on April 1, 2014 when Mr. Cardenas arrived at Defendants' business with a San Jose sheriff to pick up the truck. Defendants do not state exactly when they had notice except to state that Defendants appeared at a hearing held in this Court on May 6, 2014 and agreed to return the truck.

Defendants argue that they did not knowingly violate the stay because they had no notice of it. Defendants allege that Plaintiffs "defrauded" Defendants by concealing material facts, not divulging their bankruptcy to Defendants and not disclosing the truck purchase to the trustee (Debtors did not list the truck on Schedule B when they filed their petition; they amended their Schedule B to list the truck on February 14, 2014, the same day they filed this adversary proceeding). Defendants also state that Plaintiffs paid Defendants with bad checks.

Defendants state that the only notice referenced in Plaintiffs' pleadings is an "informal letter supposedly sent by Plaintiffs' counsel to Defendants" dated February 4, 2014.

Defendants state that the letter makes no mention of any prohibition towards repossession of chattel or attempts to collect monies owed but references restrictions on attempts to "enforce any lien" and fails to "include any evidence to show that a lien of any type had been perfected with respect to the car purchase in question." However, the letter sent to Defendants (in both English and Spanish) on February 4, 2014 (attached to the declaration of Ray Hacke filed in this case on February 18, 2014 as docket no. 4) states clearly and conspicuously in the subject line that it involves a bankruptcy case (providing the name of the Debtor and the bankruptcy case number) and a violation of the automatic stay. Further, the body of the letter explains the effect of the automatic stay:

> My name is Ray D. Hacke, and I am an attorney with the law firm of Schein & Cai LLP (hereinafter "the Firm"). Please be advised that Eloy Cardenas (hereinafter "Mr. Cardenas) has retained the Firm to represent him in the matters discussed herein.
>
> On September 2, 2011, Mr. Cardenas filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California (hereinafter "the Court"). Mr. Cardenas' case number is 11-58313. Under § 362(a) of the Bankruptcy Code, when Mr. Cardenas filed for bankruptcy, a stay automatically went into effect as to all of Mr. Cardenas' creditors. The stay is a prohibition that prevents Mr. Cardenas' creditors, or their agents, from performing "any act to create, perfect, or enforce any lien against property" belonging to Mr. Cardenas while his bankruptcy case is proceeding. Furthermore, under § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section ***shall*** recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages" (emphasis added).

Defendants argue that this is not adequate notice, citing In re McGhan, 288 F.3d 1172 (9th Cir. 2002) and Fed. R. Bankr. P. 4007(c), which requires 30 days' notice of the 341 meeting. McGhan

is not a case involving the willful violation of the automatic stay, but is a case involving § 523(a)(3). That statute provides for the nondischargeability of an unlisted creditor's claim, unless the creditor had notice or actual knowledge of the bankruptcy in time to permit the filing of a proof of claim and timely request for determination of nondischargeability. That is not the issue here.

Defendants also cite <u>In re Abrams</u>, 127 B.R. 239, 242 (9th Cir. BAP 1991) as an analogous case. There, the bankruptcy court found that a creditor violated the automatic stay by retaining a repossessed vehicle after receiving notice from the debtor's attorney of the bankruptcy, and a demand for the vehicle's return. This case actually supports Plaintiffs, but Defendants attempt to distinguish the case by stating that "the court specifically distinguished creditors who had been put on notice of the bankruptcy from those who had not received due notice such as Defendants herein." The Court does not read the case this way. The creditor in that case did not have knowledge of the bankruptcy when the repossession occurred, but was informed of the bankruptcy after repossession and did not return the vehicle, which is exactly what happened here.

Defendants argue that a different provision of the Code is implicated when a creditor is not listed on the bankruptcy petition, <u>i.e.</u>, the claim is not discharged unless the creditor had notice or actual knowledge in time to file a claim and object to discharge, pursuant to § 523(a)(3). As noted above, this is a separate issue from whether Defendants violated the stay.

Although Defendants did not have notice of the bankruptcy filing at the time it was filed, the evidence in this case is that, as noted above, Plaintiffs' counsel sent a letter to Defendants on February 4, 2014, in both English and Spanish, explaining that Plaintiffs had filed a bankruptcy petition on September 2, 2011 and that Defendants' retention of the truck was a violation of the automatic stay. Plaintiffs' counsel also served a summons and complaint on Defendants on February 18, 2014. The complaint clearly states that Plaintiffs filed a bankruptcy petition on September 11, 2011, and alleges that the repossession of the truck was a willful violation of the automatic stay. Plaintiffs also served notice of the hearing on their motion for a temporary restraining order, which was held on March 18, 2015. Defendants did not appear, and this Court issued an order on March 28, 2015 which required Defendants to return the truck to Plaintiffs. That order was served on March 30, 2014 and, according to the declaration of Mr. Cardenas, he personally delivered a copy of the order to Defendants on April 1, 2014. Even after being served with the March 28, 2014 order, Defendants refused to return the truck. As outlined in this Court's Memorandum Decision entered on May 6, 2014, this Court's order for contempt and award of damages is based solely on Defendants' conduct in refusing to return the vehicle after being notified that Debtors were in bankruptcy.

When Defendants appeared at the May 6, 2014, hearing, Mr. Luna and his daughter, Yolanda Luna, alleged that Plaintiff had made payments with bad checks and had not kept the truck registration current, implicitly arguing that this was a basis for not complying

Case: 14-05022   Doc# 58   Filed: 06/26/15   Entered: 06/26/15 13:50:48   Page 5 of 10

with the Court's order to return the vehicle. However, the requirement to remedy a stay violation is unconditional.

In <u>In re Wallace</u>, 2014 WL 1244792 (9th Cir. BAP Mar. 26, 2014), the debtor, Wallace, purchased an automobile shortly before filing a chapter 7 bankruptcy petition. The seller and financer, Carcredit, permitted the debtor to take possession of the vehicle without making a down payment or providing proof of insurance, agreeing to let the debtor pay the down payment in installments. The debtor did not pay the full balance of the down payment, and Carcredit repossessed the vehicle post-petition. The debtor's counsel sent a demand for the return of the vehicle, but Carcredit did not comply. Debtor moved for an order requiring the return of the vehicle and damages. Before ordering the return of the car, the bankruptcy court required the debtor to show proof of insurance and that the debtor had the ability to pay for the car. The bankruptcy court ruled, in essence, that the automatic stay did not require Carcredit to return the vehicle unless the debtor tendered proof that Carcredit's interest in the vehicle was adequately protected. The bankruptcy court denied the debtor's request for damages for a willful stay violation and sua sponte granted relief from stay to Carcredit.

The Ninth Circuit BAP reversed and remanded on the following grounds:

> In order to comply with the automatic stay, once it learned of Wallace's bankruptcy filing, Carcredit had an "affirmative duty" to remedy its prior, inadvertent stay violation by returning the automobile to Wallace.

<u>Wallace</u>, 2014 WL 1244792, at *5 (citing <u>In re Dyer</u>, 322 F.3d 1178, 1192 (9th Cir. 2003); <u>Sternberg v. Johnston</u>, 595 F.3d 937, 945 (9th Cir. 2010) (additional citations omitted)).

The Panel continued:

> Thus, Carcredit's knowing retention of the vehicle after learning of Wallace's bankruptcy filing was a separate and independent violation of the automatic stay. And there can be no legitimate doubt here that this stay violation was willful. Carcredit knew about the bankruptcy filing on and after June 5, 2013, and yet it never returned the vehicle to Wallace despite his repeated demands. These facts patently satisfy the test for willfulness set forth in In re Dyer, 322 F.3d at 1191.
>
> . . . .
>
> In this case, the notion that Carcredit, which indisputably violated the automatic stay by repossessing the vehicle postpetition, could condition its efforts to rectify its stay violation upon the debtor taking certain actions, like providing proof of insurance and providing assurance of future performance, is inconsistent with the holding in In re Del Mission Ltd., In re Mwangi and In re Abrams. These cases stand for the proposition that creditors have a mandatory and unconditional duty under §§ 362(a)(3) and 542(a) to relinquish control of estate property acquired or controlled postpetition.

Id. (citing In re Del Mission Ltd., 98 F.3d 1147, 1151 (9th Cir. 1996); In re Mwangi, 432 B.R. 812, 823–24 (9th Cir. BAP 2010); In re Abrams, 127 B.R. 239, 242–43 (9th Cir. BAP 1991)).

Defendants also argue that Plaintiffs did not provide sufficient evidence of damages. However, Defendants have never previously presented any objection, written or oral, to Plaintiffs' evidence of damages. In its May 6, 2014 Memorandum Decision, this Court stated that it would not award damages at that time because the request was premature and because Plaintiffs had not provided sufficient evidence of certain items. This Court continued the matter to July 1, 2014 and again to August 19, 2014, and required Plaintiffs to present evidence. Plaintiffs provided receipts and counsel provided billing statements. At the continued hearing on August 19, 2014, attorney Jason Honaker appeared on Defendants' behalf, stating that he had not been retained, and that he was

supposed to meet with Defendants 45 minutes before the hearing but that Defendants did not appear.

On September 18, 2014, the Court awarded by written order a total of $19,640.54: $15,656.25 in attorney's fees, $1,484.29 for truck rental and repairs on replacement truck, and $2,500 in punitive damages, significantly less than the $180,000 that was originally sought. The damages awarded were for expenses incurred only as a result of the stay violation, after Defendants were notified that Plaintiffs were in bankruptcy. Defendants' objections to the evidence are untimely and will not be considered by this Court.

On June 22, 2015, this Court conducted a final hearing before issuing this Memorandum Decision, pointing the parties to the *Wallace* decision, *supra*, and reopening the issue of punitive damages. Marilyn Minger appeared for the Plaintiffs, and Alex Lubarsky appeared for Defendants. Mr. Lubarsky represented that Defendants are no longer selling cars but instead are selling tires and operating a U-Haul franchise.

The Court gave counsel the opportunity to read the *Wallace* decision and offered an opportunity for a further hearing, but no further hearing was requested. Instead, Mr. Lubarsky's paralegal, Joan Sim, sent an email to the Court attempting to distinguish the facts of this case from the facts in *Wallace*. The Court need not consider this email because it is an inappropriate, unauthorized *ex parte* communication. However, even if the arguments in the email had been set forth in a brief filed by an attorney, the email repeats the argument that Defendants were not notified of the bankruptcy filing until after the car was repossessed and therefore

did not willfully violate the stay. The email also makes the factual assertion, without any supporting evidence, that "our client made immediate efforts to return the vehicle once he was notified to do so by the bankruptcy court. Previous efforts to return the vehicle were obstructed by law enforcement officials because Plaintiff had never registered the vehicle during the months he owned it." However, the evidence in this case, as set forth above, shows that Defendants were sent a letter on February 4, 2014 notifying them of the bankruptcy and the automatic stay and yet did not return the vehicle until May 2014. Additionally, as noted above and in this Court's Memorandum Decision of May 6, 2014, the damages here are based solely on Defendants' conduct in refusing to return the vehicle after being notified that Debtors were in bankruptcy.

However, the Court will reduce the punitive damages award from $2,500 to $100. The purpose of punitive damages is to punish unlawful conduct and deter its repetition. See BMW of North America, Inc. v. Gore, 517 U.S. 559, 568 (1996). As noted, Defendants are no longer in the business of selling cars. Thus, there is very little chance that Defendants will repeat their conduct. The Court finds that, under the facts of this case, $100 is a sufficient punitive sanction.

For these reasons, the Court will grant Plaintiffs' Motion for Entry of Judgment. Counsel for Plaintiffs shall submit a proposed form of judgment consistent with this Memorandum Decision.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

Court Service List

Luna Auto Sales
2070 Alum Rock Avenue
San Jose, CA 95116

Aurelio Luna
2070 Alum Rock Avenue
San Jose, CA 95116